IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KEVIN RICHARD HOFFMAN,

                    Plaintiff,                                    OPINION AND ORDER

          v.
                                                                      26-cv-154-wmc
JESSICA TISDALE, BRITTANY
WIRTZ, STEPHANIE RONNFELT, and
SHELBY MILLER,

                    Defendants.

---

Plaintiff Kevin Richard Hoffman, who is representing himself, has filed this lawsuit against several Child Protective Services ("CPS") employees, alleging that they violated his rights and are liable in their individual capacity under 42 U.S.C. § 1983.  (Dkt. #1.) Because plaintiff seeks leave to proceed without prepayment of the filing fee, the court must screen the complaint and dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  When screening a complaint drafted by a non-lawyer, the court applies a less stringent standard.  *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).  However, plaintiff must still allege enough facts to show that he has a plausible claim for relief.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). For the reasons set forth below, plaintiff's complaint will be dismissed without prejudice.

ALLEGATIONS OF FACT[1]

Plaintiff Hoffman is a resident of Richland Center, Wisconsin.  Defendants Jessica Tisdale, Brittany Wirtz, Stephanie Ronnfeldt, and Shelby Miller are employed by Richland County CPS as caseworkers and supervisory officials.

Hoffman alleges that in October 2025, he had primary physical custody of his minor son, J.H.[2]  Hoffman claims that a "welfare check" was conducted at his residence on October 20, 2025.  During that encounter, plaintiff submitted to a drug test and was informed that the results were positive for methamphetamine.  That same day, defendant Tisdale required plaintiff to sign a "Protective Plan," stating that he had failed a drug test and "needed a break."  Hoffman signed the Protective Plan because he was informed that his son would be immediately removed if he did not.

Hoffman contends that he met with Tisdale, a police officer, and unidentified supervisory personnel on October 21, 2025, and was told that unless he agreed to "continued restrictions," his son would be "taken into custody."  Sometime thereafter, custody of Hoffman's son was transferred to his mother without a temporary physical custody order or the filing of a "CHIPS petition."  Hoffman alleges that the "defendants' actions" have violated his constitutional right to procedural and substantive due process under the Fourteenth Amendment to the United States Constitution.

---

[1] In addressing any pro se litigant's complaint, the court must read the allegations generously, drawing all reasonable inferences and resolving ambiguities in plaintiff's favor. *Haines v. Kerner*, 404 U.S. 519, 521 (1972).  Unless otherwise indicated, the facts in this section are from plaintiff's complaint (dkt. #1) and are taken as true for purposes of this order.

[2] Plaintiff identifies his son by full name in his original complaint, which has been redacted by the clerk's office.  Under Fed. R. Civ. P. 5.2(a)(3), filings may only include a minor's initials.

OPINION

Plaintiff alleges that "defendants" are liable under 42 U.S.C. § 1983 in their individual capacity for violating his right to due process by removing his son from his custody without court proceedings.  To be held liable for a constitutional violation under § 1983, a defendant must have been personally involved in the alleged violation.  *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018); *see also Minix v. Canarecci*, 597 F.3d 824, 833-34 (7th Cir. 2010) (individual liability under § 1983 requires personal involvement, so plaintiff must allege sufficient facts showing that individual personally caused or participated in constitutional deprivation); *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) ("Individual liability under [42 U.S.C.] § 1983 . . . requires personal involvement in the alleged constitutional deprivation."); *Gonzalez v. McHenry Cnty., Ill.*, 40 F.4th 824, 828 (7th Cir. 2022) (Section 1983 lawsuits "require personal involvement in the alleged constitutional deprivation to support a viable claim.").

Plaintiff's allegations are insufficient to establish liability because, although he alleges some involvement by defendant Tisdale, he refers only to the defendants collectively in the rest of the narrative portion of his complaint and when asserting his claims for relief. This type of boilerplate pleading is not sufficient to state a claim under federal pleading standards.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678, 682-84 (2009) (referring to a group of defendants in a collective fashion is not sufficient to state a claim against every defendant); *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (allegations that referred to "defendants" collectively without connecting specific defendants to specific acts were insufficient under federal pleading standards); *Henderson v. Wall*, No. 20-1455, 2021 WL 5102915, at *1

3

(7th Cir. Nov. 3, 2021) ("[B]y making allegations about large, indeterminate groups of defendants, [the plaintiff] deprived them all of proper notice of what they were accused of doing.").

Because plaintiff has not provided sufficient facts in compliance with Fed. R. Civ. P. 8(a), his complaint will be dismissed for failure to state a claim. Although the Seventh Circuit has cautioned against dismissing a pro se plaintiff's case without giving the plaintiff a chance to amend the complaint, *Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016), the court does not grant leave to amend in this instance for two reasons. First, plaintiff has alleged in another case that he has an upcoming child custody hearing on June 15, 2026, *Hoffman v. Passages, Inc.*, No. 26-cv-450-wmc (W.D. Wis.)(dkt. #1-1, ¶ 16),[3] indicating that there are custody proceedings involving his son that are ongoing in state court and in which this court has no basis to intervene, *see Younger v. Harris*, 401 U.S. 37 (1971). Second, because plaintiff's complaint concerns child custody issues which are the primary responsibility of state courts, the court lacks subject matter jurisdiction to entertain his claims under the domestic-relations exception. *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992). The domestic-relations to federal subject matter jurisdiction applies to such cases even when constitutional claims are involved. *Adam v. Franz*, No. 02-cv-53-bbc, 2002 WL 32341816, at *4 (W.D. Wis. May 10, 2002) (citing *Allen v. Allen*, 48 F.3d 259, 261-62 (7th Cir. 1995)). To the extent that plaintiff's claims concern a child custody matter, his remedy is "to appeal within the state court system, not to raise a new collateral

---

[3] A court may take judicial notice of matters in the public record, including pleadings and orders in previous court cases. *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997) (citations omitted).

attack in federal court." *Vidal v. Wisconsin*, No. 21-CV-0069, 2022 WL 17175093, at *2 (E.D. Wis. Nov. 2, 2022). For this additional reason, plaintiff's complaint must be dismissed. Fed. R. Civ. P. 12(h)(3).

## ORDER

IT IS ORDERED that:

1) The complaint filed by plaintiff Kevin Richard Hoffman (dkt. #1) is DISMISSED without prejudice as set forth above.

2) The clerk of court is directed to enter judgment accordingly and close this case.

Entered this 20th day of May, 2026.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

5